# Enterprise Transit Company *versus* Sheedy, et al.

1. A notary public, who, having taken the acknowledgment of the grantors to a deed, indorses thereon a defective certificate of such acknowledgment, cannot subsequently, in the absence of the grantors, cure such defect by a second certificate, in due form, of the original acknowledgment.

2. A notary public, in certifying to the acknowledgment before him by a married woman and her husband, of a lease of land belonging to the married woman, neglected to insert in his certificate the fact that the contents of the lease had been by him made known to her. The lease was then delivered and shortly afterwards recorded. Five months afterwards, the same notary, without again calling the parties before him, added a second certificate of acknowledgment in the proper form, certifying what had occurred at the time of the first acknowledgment, and that the contents of the lease had been made known to the wife. The lease was then a second time recorded:

*Held*, that the second certificate and recording were ineffectual to cure the invalidity of the first certificate of acknowledgment, and that parties claiming under said lease therefore had no title.

May 8th 1883. Before MERCUR, C. J., GORDON, PAXSON TRUNKEY, STERRETT and GREEN, JJ. CLARK, J., absent.

ERROR to the Court of Common Pleas of *McKean county:* Of January Term 1883, No. 232.

Ejectment, by the Enterprise Transit Company against Patrick Sheedy and Maryette Sheedy, his wife, in the right of the Maryette Sheedy, and Roberts & Lockwood, terre-tenants, for the possession of a tract of about 30 acres of land in Bradford township. Plea, not guilty.

On the trial, before WILLIAMS, P. J., the plaintiff offered in evidence a lease, dated September 11th 1876, signed and sealed by Maryette Sheedy and Patrick Sheedy, to the Enterprise Transit Co. of the premises in question, for the purpose of mining and excavating for petroleum, &c. "Being land conveyed by Nancy Jewett to Maryette Sheedy by deed dated

June 11th 1868." This lease contained two separate certificates of the lessors' acknowledgment as follows :

Commonwealth of Pennsylvania, }
       McKean county,           } ss :

Before me, a Notary Public, in and for said county, personally came Maryette Sheedy and Patrick Sheedy, and duly acknowledged the foregoing lease to be their act and deed, in due form of law desired the same might be recorded as such. She, the Maryette Sheedy, being by me examined separate and apart from her said husband and did declare and say that she of of her own free will and accord signed, sealed and delivered the same without any coercion or compulsion on the part of her husband.

Witness my hand and seal, September 11th 1876.
[Seal]                         G. A. BERRY,
[Recorded September 22d 1876.]          Notary Public.

Commonwealth of Pennsylvania, }
       County of McKean,        } ss :

Be it remembered that on the 11th day of September 1876, before me a notary public, in and for said county of McKean, personally came Patrick Sheedy and Maryette Sheedy, his wife, and in due form of law acknowledged the execution of the foregoing contract of lease, they being known to me as the parties who executed the same. And she, the said Maryette Sheedy, upon being by me first examined separate and apart from her said husband, and the full contents of said lease being made known to her, she did declare and say that she signed, sealed and delivered the same as her free act and deed and without any coercion or compulsion on the part of her said husband. Witness my hand and official seal this 21st day of February 1877.

[Seal]                         G. A. BERRY,
[Recorded February 23d 1877.]          Notary Public.

To be followed by evidence of the offer and attempt to enter to perform his covenants on the part of the plaintiff and the refusal of the defendant to permit it.

Defendant's counsel object to the admission of this record for the reason that the first acknowledgment is defective. That the record does not show that the contents of the lease were made known to Maryette Sheedy, and that there is on the record what purports to be a second certificate of acknowledgment made by the same notary who certified the first, dated the 21st day of February 1877, and purporting to recite an acknowledgment on the 11th of September 1876. The record

[Enterprise Transit Co. *v.* Sheedy.]

showing that Maryette Sheedy was a married woman at the time.

THE COURT. The objection is overruled pro forma and the evidence admitted, and the question of the validity of the acknowledgment reserved, to which ruling of the court counsel for the defendant except and at their request a bill is sealed.

The defendants claimed under the following title :

Lease, August 27th 1877, Maryette Sheedy and Patrick Sheedy to G. W. Hicks, for the premises in question.

Assignment of lease, November 3d 1877, G. W. Hicks, to the defendants, Roberts and Lookwood.

It was admitted on the trial that " at the time the second certificate of the acknowledgment of the lease by Maryette Sheedy and husband, was made, as the same is recorded in Miscellaneous Record Book E, page 36, on the 23d day of February 1877, the rights of no new parties had intervened, and the questions at issue are to be considered as between the original parties." Also that " the lessees of Sheedy had actual notice of this lease and claim of the plaintiffs, given them the 4th day of September 1877, which was before any expenditures were made upon the property by the defendants for oil uses."

The defendants presented the following points :

1. That George A. Berry, notary public, having made one certificate to the acknowledgment of lease from Maryette Sheedy and Patrick Sheedy, her husband, dated September 11th 1876, under which plaintiffs claim in this case, and said lease and acknowledgment having been recorded September 22d 1876, his authority and power to act ceased and he had no lawful authority to make another certificate of such acknowledgment after that date.

Answer. Affirmed.

2. The defendant, Maryette Sheedy, being in possession of the premises in dispute, claiming title thereto as her separate estate at the date of said lease and such possession and claim of title having been by her fully made known to the plaintiff, before the making of such lease, and she being at the date thereof a married woman, and the certificate of acknowledgment of said lease failing to show that the contents of said lease were made known to her before she signed and executed the same, no title passed to the plaintiffs thereby."

Answer. Affirmed.

In the general charge the court said, inter alia : " We say to you for the present, gentlemen, that while that lease is sufficient in form to pass title of both lessors, yet the acknowledgment is defective. We further instruct you that when the lease was placed on record the power of the notary over the in-

[Enterprise Transit Co. *v.* Sheedy.]

strument was gone. The result of this instruction to you is that the title of the Enterprise Transit Company depends upon the first acknowledgment, and as that was not taken in such manner as to bind Mrs. Sheedy, we shall accordingly direct a verdict to be entered for the defendants; but we shall entertain a motion to show cause why a new trial shall not be granted in order that the rights of the parties may be further considered."

Verdict, as directed, for the defendants. The court granted, and subsequently discharged a rule for a new trial, and entered judgment on the verdict; whereupon the plaintiff took this writ of error, assigning for error the affirmance of the defendants' points and the instruction of the court to the jury to find for the defendants, and the entry of judgment.

*Hamlin & Son* and *W. B. Chapman*, for the plaintiffs in error.—The only statute which refers to or indicates a time when the certificate of the acknowledgment is to be made is the Act of 2d May 1715, Pur. Dig. 460 pl. 11, and is in these words : " Whereupon the same justice shall, under his hand and seal, certify such acknowledgment or proof, upon the back of the deed, with the day and year when the same was made, and by whom." (It is said in Watson *v.* Bailey, 1 Binney 470, that " the Act of 24th of February, 1770, evidently points to the same mode of certificate.") The word " whereupon," according to Webster, signifies " upon which : in consequence of which." Thus, the only requirement of the statute as to the time when the certificate is to be made, is that it be done after the acknowledgement has been taken, and in consequence of it. In Stevens *v.* Martin, 6 Harris 101, a deed was acknowledged before a judge of the court of common pleas of Hunterdon county, New Jersey, on the 26th of October 1796, and a certificate of this acknowledgment was made by the clerk of that court, on the 24th of October 1849. The deed being for lands in Pennsylvania, and offered in evidence in an ejectment tried in Mercer county, was objected to, and the objection overruled, and the deed admitted in evidence. The supreme court, in affirming the judgment, use this language : " The objection to the interval between the acknowledgment before the judge, and the date of the certificate of the clerk of the court, is not such as will vitiate it, and prevent the admission of the deed in evidence; circumstances may prevent the acknowledgment and certificate from being consecutive, and it is not essential they should be."

In Sheldon *v.* Stryker, 42 Barbour 284, it is held to be sufficient if the certificate of acknowledgment is endorsed on the deed when offered in evidence.

In Wannall *v.* Kem, 51 Missouri Rep. 151, a mortgage was

executed for the wife's lands.  The acknowledgment was properly made, but the notary failed to state in his certificate the facts necessary to constitute a proper acknowledgment.  A bill in equity was filed, making the notary a defendant, and asking a decree requiring him to correct the omission.  The court held that a court of equity is not the proper forum to afford the relief, but they say : "The officer may voluntarily correct his certificate, or make out a proper certificate, where he has given a defective one, if the facts really exist to warrant such action: If the officer refuses to make a proper certificate, he may be compelled to do so by mandamus, but a court of equity has no jurisdiction to correct such defects.  The notary derives his authority to take acknowledgments from the statute, and courts of equity do not aid the defective execution of statutory powers."

The doctrine of this case was affirmed in Miller v. Powell, 53 Missouri Rep. 252, and in it the court say : "The officer taking the acknowledgment, acts under a statutory power, and a court of equity cannot aid the defective execution of such a power.  The only remedy would be to apply to the officer to put his certificate in form, and if he refused to comply, he might be compelled to do so by mandamus."

It is submitted that Elliott v. Peirsol, 1 Peters 328, relied on by the defendants in error, is not authority for this case. It has been uniformly held by the courts of this and other states that the taking of the acknowledgment of a deed is a "judicial act."  The statute requires the grantors to be present at the taking of the acknowledgment, but not at the certificate thereof ; the latter is a ministerial act ; any person may draw the certificate ; the officer affixes his name to it as evidence that he has done the judicial act.  The law requires a class of deeds to be acknowledged in open court.  The judge holding the court takes the acknowledgment.  This is the judicial act.  The judge passes the deeds down to the clerk who makes the certificate.  This is a ministerial act.  The judge may discover the next day, or the next term, the clerk has made a mistake in the certificate, and that it needs to be corrected to conform to the truth.  The sheriff, or other person, who made the acknowledgment may not be present, or if present, may be unwilling to re-acknowledge.  Can it be said that the court, or the judge before whom the acknowledgment was taken, is functus officio, and is without power to cause the correction ?  Suppose the notary had made this discovery of the omission in his first certificate immediately after he had signed it; will it be doubted that he then had the power to insert the missing words ?  Or, that he had power to erase the certificate he had made and attach another ?  If so, when did his power cease until he cer-

[Enterprise Transit Co. *v.* Sheedy.]

tified to the truth, as required by law to do, or until the rights of new parties intervened? All the adjudged cases rest the sufficiency of the acknowledgment on the certificate of the officer, and not on the time when made. The acknowledgment of the lease in question was certified according to law, and the controversy is between the original parties and affecting them only.

It will be urged that a deed is only effective after delivery, and that a married woman's deed has no validity to pass title until acknowledged. All this granted, but her title does not pass by the certificate of acknowledgment. The title passes when she acknowledges the instrument according to law, and delivers it. The instrument cannot be used as evidence of title until properly certified. The certificate showing the acknowledgment is essential only as rendering it evidence, in the same manner as affixing a revenue stamp required by the Act of congress was essential before permitting the instrument to be read. The absence of the stamp did not render it void. When this married woman with her husband signed the lease, acknowledged it according to law, and placed it in the hands of the notary to be certified and delivered to the lessee, her title passed. She had nothing further to do with it, and no further power over it: Blight *v.* Schenck, 10 Barr 285.

A grantor may prove by parol that the certificate of acknowledgment is false, or that the acknowledgment was procured by fraud or coercion, and remit the parties to their original position: Michener *v.* Cavender, 2 Wright 334; Louden *v.* Blythe, 4 Harris 532; Schrader *v.* Decker, 9 Barr 14; Heeter *v.* Glasgow, 29 P. F. S. 79. Why in reason may not a grantee have rendered valid, under the forms of law, a deed, which confessedly was executed and delivered, bona fide, and with the intent of passing the title? The protection the law has thrown about the property of a married woman is to be used as a shield, and not as a lance.

*O. A. Hotchkiss* and *N. B. Smiley,* for the defendants in error.—The question is one of devolution of title to real estate. Title was in Mrs. Sheedy at the date of the lease. There was but one statutory mode by which she could divest herself of it, viz., by deed, separately acknowledged in accordance with all the statutory requisites, which facts must affirmatively appear on the face of the certificate: Jourdan *v.* Jourdan, 9 S. & R. 272, and cases there cited; Graham *v.* Long, 15 P. F. S. 387. The original certificate in this case not showing the requisite acknowledgment by Mrs. Sheedy, it is certain that no title to the real estate passed out of her by the delivery of the instrument. As she never did anything further, it is equally clear that the acts of the notary or of other parties could not operate

[Johnson *v.* Hulings.]

to divest her title ; or, as expressed in Glidden *v.* Strupler, 2 P. F. S. 400, "The contract to convey being absolutely void because of incapacity, its ratification is equally forbidden unless by deed in the mode prescribed by the statutes. No multiplication of deeds (and they are the most solemn acts in pais by which title can be transferred), will serve to ratify the void conveyance, unless made according to statute. Much less can express ratification by parol . . . infuse life into that which has no vitality."

The case is ruled by Elliott *v.* Peirsol, 1 Peters 328.

The opinion of the court was filed May 21st 1883.

PER CURIAM. This attempt to impart life to a void instrument has the merit of novelty. When Mrs. Sheedy affixed her name to the written instrument and acknowledged it, the acknowledgment was confessedly so defective as not to bind her or pass her title to the land. It was then delivered, and eleven days thereafter recorded. More than five months after the acknowledgment was actually taken, and the certificate thereof signed by the notary public indorsed thereon, he wrote and signed a second certificate of acknowledgment. The parties to the instrument did not again come before him, but he certifies what occurred months before. To this last certificate he adds facts not contained in his former certificate, with a view and for the purpose of making valid the writing of a married woman, which was then invalid. Effect cannot be given to this latter action of the notary public.

Judgment affirmed.